IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03341-RPM

LEVETTE KYEREMEH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

This matter comes before the court on a Joint Motion for Entry of Stipulated Protective Order. Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, information protected by the Privacy Act of 1974 or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

**A.**     **Order to produce documents containing sensitive information.**

    1.     Plaintiff has requested in discovery documents that may contain information protected by the Privacy Act, or that is otherwise confidential, pertaining to a current employee of the United States Postal Service ("USPS").

    2.     Pursuant to 5 U.S.C. § 552a(b)(11), Defendant is ordered to provide Plaintiff's counsel access to these documents.

**B.     Terms of the Stipulated Protective Order.**

3.     This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

4.     As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

5.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of any USPS employee.

6.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not be disclosed or used for any purpose except the preparation and trial of this case.

7.     CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   (a) attorneys actively working on or supervising the work on this case;

   (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c) the parties, including designated representatives and agency counsel for the entity defendants;

2

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

8. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

9. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." To the extent that a party obtains records pursuant to a subpoena or records release, any party may inform the requesting party that it is seeking confidential treatment of the responsive documents and such documents will be treated as if marked "CONFIDENTIAL."

10. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. At the conclusion of this case, including all appeals, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 10th day of March, 2014.

BY THE COURT:

United States District Judge

The parties, by their respective attorneys, agree and stipulate to the entry of this Protective Order.

s/ Keith Frankl
The Frankl Law Firm, P.C.
2170 S. Ash St.
Denver, CO 80222
(303) 300 2029
kfrankl@frankllawfirm.com
Attorney for Plaintiff Levette Kyeremeh

JOHN F. WALSH
United States Attorney
s/
J. Chris Larson
Edwin Winstead
Assistant United States Attorneys
1225 Seventeenth St., Suite 700
Denver, CO 80202
(303) 454-0100
j.chris.larson@usdoj.gov
edwin.winstead@usdoj.gov
Attorneys for Defendant the United States of America

5